UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
A.N.S.W.E.R. COALITION,                 )
                                        )
       Plaintiff,                       )
                                        )
   v.                                   )     Civil Action No. 05-0071 (PLF)
                                        )
KEN SALAZAR,                            )
       Secretary of the Interior, et al.,    )
                                        )
       Defendants.[1]                   )
_____)


MEMORANDUM OPINION AND ORDER

       This matter is before the Court as a result of the parties' dispute about the meaning of the Court's Memorandum Opinion and Order of November 14, 2008. By that Opinion, the Court granted in part plaintiff's motion to compel the defendants to provide additional discovery under Rule 56(f) of the Federal Rules of Civil Procedure. See A.N.S.W.E.R. Coalition v. Kempthorne, Civil Action No. 05-0071, Memorandum Opinion and Order at 3 (Nov. 14, 2008) (the "Opinion").

       At a status conference on November 17, 2008, counsel for defendants requested clarification about the requirements of the Opinion. Following the status conference, the Court issued the following Minute Order:

> As ordered at the November 17, 2008 status conference, on or before November 19, 2008, defendants shall file copies of all memoranda, e-mails, or other written documents issued to

---

[1] The Court has substituted Ken Salazar, the current Secretary of the Interior, for the former Secretary, Dirk Kempthorne, as a defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

> individuals charged with searching files at the Secret Service and the Department of the Interior regarding the scope of the searches that were to be conducted for documents relating to Count II of plaintiff's amended complaint. On or before November 26, 2008, plaintiff shall file a notice identifying the perceived areas of deficiency, if any, in these searches and the language it proposes be used in memoranda to be issued to these individuals directing them to conduct further searches in compliance with this Court's Memorandum Opinion and Order of November 14, 2008. Defendants shall file a response to this notice on or before December 2, 2008.

A.N.S.W.E.R. Coalition v. Kempthorne, Civil Action No. 05-0071, Minute Order (D.D.C. Nov. 18, 2008).

Defendants subsequently filed hundreds of pages of documents regarding the scope of their searches. As required by the Court's Minute Order, plaintiff then identified what it saw as multiple areas of deficiency, and proposed its own directive for a supplemental search. See Plaintiff's Praecipe to the Court Pursuant to November 18, 2008 Minute Order. In their Response to Plaintiff's Praecipe, defendants argued that no further search should be required. After reviewing its earlier Opinion as well as the parties' filings, the Court maintains its position that defendants must conduct additional searches; it also concludes, however, that the searches plaintiff proposes are broader than the Court intended and not necessary under Rule 56(f) of the Federal Rules of Civil Procedure.[2]

The essence of the parties' discovery dispute is whether defendants have met their discovery obligations with respect to Count II of plaintiff's Amended Complaint by searching

---

[2] Limited discovery is permitted under Rule 56(f) of the Federal Rules of Civil Procedure when a party opposing summary judgment shows by affidavit or declaration that "for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(f); see also Bourbeau v. Jonathan Woodner, Co., 600 F. Supp. 2d 1, 3-4 (D.D.C. 2009).

only for documents that relate to the *Secret Service's decision to ban sign supports*. In its earlier Opinion the Court stated:

> The Court's Order of November 13, 2007, directing the defendants to provide discovery under Rule 56(f), was not, as defendants characterize it, limited to discovery relating to "the decision by the Secret Service to ban supports for signs at the 2005 inauguration." . . . [T]he Court's Order was broader, encompassing the production of all documents respecting plaintiff's "claims relating to the prohibition of sign supports" at the 2005 Presidential Inaugural Parade. . . .

Opinion at 1-2. The word "prohibition" connotes something much broader than a particular "decision." Through defendants' filings, as well as in defendants' counsel's representations in open court, it has become clear to the Court that defendants have not been willing to acknowledge this distinction — a distinction between the *decision* by the Secret Service to ban sign supports at the 2005 Inauguration and the full scope of plaintiff's claims which are embodied in Count II: Does the *prohibition* of sign supports violate the First Amendment and the Equal Protection Clause? See A.N.S.W.E.R. Coalition v. Kempthorne, 537 F. Supp. 2d 183, 191 (D.D.C. 2008); see also Defendants' Response to Plaintiff's Praecipe to the Court ("Def. Resp.") at 3. Although documents uncovered as a result of a search for records relating to a decision made by the Secret Service to ban sign supports may constitute a significant part of the discovery that is relevant to the prohibition claim in Count II, such a search is not sufficient. Defendants have yet to convince either plaintiff or this Court that they have not unduly limited the scope of their search for responsive documents.

In addition, defendants do not account for the other two areas of deficiency identified in the Court's November 2008 Opinion. First, they do not address the Secret Service's

failure to produce communications with various governmental entities and individuals.  <u>See</u> Opinion at 2.  Such communications must be provided if they relate to plaintiff's claims.  Second, defendants' filings have yet to convince the Court that they have conducted adequate searches for copies of the Presidential Advance Manual from October 2002.  <u>See</u> Opinion at 3.

   Defendants correctly point out that the Court did not grant plaintiff a whole new bite at the discovery apple, <u>see</u> Def. Resp. at 2, and that many of the searches requested by plaintiff in its Praecipe go beyond what the Court ordered or intended (for example, documents relating to the 2001 Inauguration) and are otherwise overbroad.  Therefore the Court will eliminate subsections a, b, and f as well as the proposed search terms: "protest," "protestor," "protester," "demonstration," "demonstrate," "demonstrator," and "parade" from plaintiff's proposed directive.  In addition, it will direct the parties to meet and confer and attempt to agree upon (1) a methodology for defendants' searches that is consistent with this Memorandum Opinion; (2) a list of files and electronic databases likely to contain responsive records and a list of individuals likely to possess, have possessed or have responsibilities relating to the records to be searched for and produced; and (3) a list of search directives that are likely to result in documents relating to the prohibition on sign supports and plaintiff's corresponding constitutional claims in Count II, but that are not broader than the limited discovery provided for by Rule 56(f) of the Federal Rules of Civil Procedure and by this Memorandum Opinion.  Accordingly, it is hereby

ORDERED that the Court will adopt in part the recommendations in plaintiff's Praecipe to the Court [82], and will order defendants to conduct additional searches, as described in this Memorandum Opinion, utilizing the method and protocol described in the immediately preceding paragraph; it is

FURTHER ORDERED that on or before July 2, 2009, the parties shall file a joint written report to inform the Court of the expected deadline for the production of the documents by defendants to plaintiff, as well as how the parties wish to proceed with the remainder of the case.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 18, 2009