UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
A.N.S.W.E.R. COALITION,             )
                                    )
         Plaintiff,                 )
                                    )
     v.                             )   Civil Action No. 05-0071 (PLF)
                                    )
KEN SALAZAR,                        )
    Secretary of the Interior, et al., )
                                    )
         Defendants.[1]             )
_____ )

MEMORANDUM OPINION AND ORDER

The Court is in receipt of the parties' Joint Report of March 15, 2010, as well as the parties' individual proposals for further proceedings, both also filed on March 15, 2010. After reviewing the documents, it appears to the Court that three issues need resolution: (1) defendants' withholding of certain non-privileged documents; (2) plaintiff's proposal regarding future depositions; and (3) plaintiff's proposal with respect to *in camera* review of defendants' privileged documents. The Court will address these issues in turn.

First, plaintiff asserts that defendants' production is incomplete because defendants have not produced a number of non-privileged documents discovered as a result of the searches recently conducted by defendants. Defendants respond that these documents are not responsive to plaintiff's claims relating to the prohibition of sign supports — the issue about which the Court authorized additional discovery — and therefore need not be produced. The

_____
    [1]    The Court has substituted Ken Salazar, the current Secretary of the Interior, for the former Secretary, Dirk Kempthorne, as a defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Court agrees with defendants. Regardless of whether the documents were discovered as a result of the recent searches, defendants have no obligation to produce non-responsive or irrelevant documents.

Second, plaintiff seeks to take Rule 30(b)(6) depositions of the United States Secret Service and the National Park Service with regard to the searches they conducted in response to plaintiff's discovery requests. As defendants point out, the Court's November 13, 2007 Order granting plaintiff's Rule 56(f) motion permitted a Rule 30(b)(6) deposition of the Secret Service regarding the decision to ban sign supports. See Order, Dkt. No. 56 at 1 (D.D.C. Nov. 13, 2007). The Court's Order did not contemplate that plaintiff would be permitted to take discovery about the discovery process itself, nor did it authorize a Rule 30(b)(6) deposition of the National Park Service. Accordingly, plaintiff may take a Rule 30(b)(6) deposition of the Secret Service only, and the deposition shall be limited to the plaintiff's claims regarding the prohibition on sign supports.

Plaintiff also seeks to take the deposition of three individuals — Anne Rowland, Ramon Rendon, and John Bozzuto. In its Order of November 13, 2007, the Court stated that "absent further leave of Court" plaintiff was authorized to take depositions of "no more than five additional individuals or entities 'involved in the decision making process for the establishment of the ban [on sign supports] or who have been otherwise involved in the operation of the checkpoints implementing the ban,' . . . or who have relevant information concerning the sign support ban as determined through responses to interrogatories or document production." See Order, Dkt. No. 56 at 1-2 (D.D.C. Nov. 13, 2007). Plaintiff may proceed with its intended depositions so long as the depositions relate to the issues identified in the November 13, 2007

Order and do not pursue discovery about the discovery process. Because Ms. Rowland is a lawyer, the Court should be contacted promptly if appropriate ground rules cannot be agreed.

Finally, plaintiff seeks to have the Court review *in camera* additional privileged documents identified by defendants in the privilege log. See Plaintiff's Notice Identifying Document's for In Camera Review Withheld Based on Privilege, Dkt. No. 103 (D.D.C. Mar. 29, 2010). Defendants have taken no position on this issue. The Court will review the documents *in camera* as requested by the plaintiff.

For the reasons stated above, it is hereby

ORDERED that plaintiff may proceed with limited deposition discovery, as described above and in the Order of November 13, 2007, which shall conclude on or before June 15, 2010; it is

FURTHER ORDERED that defendants shall submit for *in camera* review all of the documents withheld on claims of privilege in one filing to the Court, including those identified by the Court in its November 14, 2008 Memorandum Opinion and Order and those requested by plaintiff in its March 29, 2010 Notice; and it is

FURTHER ORDERED that the parties shall appear for a status conference on June 23, 2010.

SO ORDERED.

_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 4/23/10