UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
A.N.S.W.E.R. COALITION,             )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )    Civil Action No. 05-0071 (PLF)
                                    )
KEN SALAZAR, Secretary,             )
  United States Department of the Interior, et al.,   )
                                    )
       Defendants.                  )
_____)

MEMORANDUM OPINION AND ORDER

       On August 4, 2010, the Court referred this case to Magistrate Judge Alan Kay for the purpose of conducting an *in camera* review of documents that were withheld or produced in redacted form by the National Park Service ("NPS") in connection with plaintiff's request for discovery in this case. Magistrate Judge Kay personally reviewed thirteen separate documents consisting of 42 pages in conjunction with the Declaration of Linda A. Mendelson-Ielmini, the Acting Regional Director of NPS' National Capital Region. In her Declaration, Ms. Mendelson-Ielmini states that she determined that the attorney-client privilege applied to the thirteen documents and that they therefore should be withheld in full. While there is some discussion in the parties' papers about the work product and deliberative process privileges, it is clear that Magistrate Judge Kay's determinations were based exclusively on the attorney-client privilege, and the parties seem to agree that that is the only privilege at issue. In considering plaintiff's objections to Magistrate Judge Kay's Memorandum Order, the Court therefore limits its review to the attorney-client privilege question.

When a party objects to a magistrate judge's determination with respect to a non-dispositive matter, such as the privilege determinations made in this case, the Court must modify or set aside all or part of the magistrate judge's order if it is "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a); *see also* LOC. CIV. R. 72.2(c). This standard is met when, "although there is evidence to support [a determination], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Federal Savs. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.*, 130 F.R.D. 507, 508 (D.D.C. 1990) (internal quotations and citation omitted); *see also Beale v. District of Columbia*, 545 F. Supp. 2d 8, 13 (D.D.C. 2008). The Court is convinced that such mistakes were made here.

As noted, Magistrate Judge Kay reviewed thirteen documents consisting of 42 pages with respect to NPS' claim of attorney-client privilege. The plaintiff has filed objections with respect to only seven of those determinations. Two of the documents — Document Nos. 0020-0022 and 0023-0024 — are described by Ms. Mendelson-Ielmini in her declaration as "edited draft letter[s]," and one of them has "attorney's hand-written notations" on it. While either or both of these draft letters might constitute attorney work product if drafted by an attorney — and there is no representation that they were — or be a part of the deliberative process, NPS does not invoke either of those privileges with respect to these documents. The Court carefully has reviewed these two documents and concludes that neither draft letter is protected by the attorney-client privilege. With respect to the hand-written notations on Document No. 0023-0024, while they are very difficult to read, they may be attorney work

product, but a review of them makes clear that they are not protected by the attorney-client privilege.

With respect to four other documents — Document Nos. 0032-0033, 0034-0035, 0036-0037, and 0038-0039 — Ms. Mendelson-Ielmini's declaration makes clear that NPS claims attorney-client privilege only with respect to the hand-written notations by a Solicitor's Office attorney on each of the draft excerpts of an undated Park Service permit; NPS does not claim the privilege with respect to the draft excerpts themselves. Again, the Court carefully has reviewed the hand-written notations on each of these documents. There are very few notations on any of them, and the few notations consist largely of such words as "designated," "leading up to," and "non-bold." Such notations are attorney work product in the colloquial or common usage sense because an attorney made them, but they likely would not enjoy the protections of the attorney work product or deliberative process privilege. Regardless, since the only question before the Court is whether they are subject to the attorney-client privilege, the Court confidently concludes that the privilege does not apply.

As for the final document, a Park Service permit — Document No. 0016-0018 — Magistrate Judge Kay found that it was not privileged and that it should be produced, but permitted the hand-written markings made by a Solicitor's Office attorney to be redacted pursuant to the attorney-client privilege. The Court agrees with Magistrate Judge Kay that the document is not privileged but disagrees with his conclusion that the hand-written markings are. Those markings consist entirely of the word "excerpts," arrows directed to certain paragraphs, and the circling of certain language. The Court does not see how such markings are protected by the attorney-client privilege. For the foregoing reasons, it is hereby

ORDERED that Magistrate Judge Kay's Memorandum Order of December 9, 2010 [Dkt. No. 120] is set aside; and it is

FURTHER ORDERED that the documents discussed herein must be disclosed promptly to the plaintiff.

SO ORDERED.

DATE: June 23, 2011

/s/
PAUL L. FRIEDMAN
United States District Judge