UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
A.N.S.W.E.R. COALITION,             )
                                    )
       Plaintiff,                  )
                                    )
   v.                               )   Civil Action No. 05-0071 (PLF)
                                    )
SALLY JEWELL,                       )
     Secretary of the Interior, et al.,[1] )
                                    )
       Defendants.                 )
_____ )

OPINION AND ORDER

       This matter is before the Court on plaintiff's objections to Magistrate Judge Alan Kay's decisions regarding the nondisclosure by the United States Secret Service of certain documents during discovery. Plaintiff contends that the Court should set aside certain portions of Judge Kay's February 3, 2012 Memorandum Order and his September 27, 2012 Memorandum Order as clearly erroneous and contrary to law. See FED. R. CIV. P. 72(a). After careful consideration of the parties' memoranda, Judge Kay's decisions, this Court's own *in camera* review of the disputed documents, and the relevant legal authorities, the Court concludes that Judge Kay's privilege and relevance rulings are correct, although the Court disagrees with one aspect of Judge Kay's reasoning. The Court therefore will overrule in part and sustain in part plaintiff's objections.[2]

---

[1]   Sally Jewell, the current Secretary of the Interior, has been substituted for former secretary Ken Salazar, and Julia A. Pierson, the current Director of the Secret Service, has been substituted for former director Mark Sullivan. See FED. R. CIV. P. 25(d).

[2]   The papers reviewed in connection with the pending motions include the following: Judge Kay's Memorandum Order, Dkt No. 131 (Feb. 3, 2012) ("Feb. 3 Mem.

I.  BACKGROUND

Plaintiff A.N.S.W.E.R. (Act Now to Stop War and End Racism) Coalition ("ANSWER") filed this lawsuit in January 2005 to challenge certain governmental policies that have restricted ANSWER's ability to engage in expressive activity during the Presidential Inaugural Parades in Washington, D.C.  One of these policies – and the only policy relevant to the matter now before the Court – is the Secret Service's prohibition on sign supports along the Inaugural Parade Route.

This Court granted ANSWER's request for Rule 56(f) discovery (now Rule 56(d)) for the production of all documents relating to the prohibition of sign supports by the Secret Service.  See Order, Dkt. No. 56 (Nov. 13, 2007); Memorandum Opinion and Order, Dkt. No. 75 (Nov. 14, 2008).  During the discovery that followed, ANSWER challenged the government's withholding of certain documents as privileged, and the Court agreed to review the disputed documents *in camera*.  See Memorandum Opinion and Order, Dkt. No. 104 at 3 (Apr. 23, 2010).  On August 3, 2010, the Court referred the matter to Magistrate Judge Alan Kay to conduct the *in camera* review.  See Referral Order, Dkt. No. 117 (Aug. 3, 2010).  Judge Kay issued his privilege rulings for most of the documents on the Secret Service's 27-page privilege log on February 3, 2012, and directed counsel for the Secret Service to provide him with certain

---

Order"); plaintiff's objections to the February 3 Memorandum Order, Dkt. No. 141 (March 12, 2012) ("Pl.'s 1st Obj."); defendant's opposition to plaintiff's first objections, Dkt. No. 151 (Apr. 11, 2012) ("Def.'s 1st Opp'n"); plaintiff's reply in support of its first objections, Dkt. No. 156 (Apr. 30, 2012) ("Pl.'s 1st Reply"); Judge Kay's Memorandum Order, Dkt. No. 160 (Sept. 27, 2012) ("Sept. 27 Mem. Order"); plaintiff's objections to the September 27 Memorandum Order, Dkt. No. 161 (Oct. 15, 2012) ("Pl.'s 2nd Obj."); defendant's opposition to plaintiff's second objections, Dkt. No. 163 (Nov. 6, 2012) ("Def.'s 2nd Opp'n"); and plaintiff's reply in support of its second objections, Dkt. No. 164 (Nov. 16, 2012) ("Pl.'s 2nd Reply").

other missing documents.  See Feb. 3 Mem. Order.  Judge Kay addressed the remaining documents in a decision dated September 27, 2012.  See Sept. 27 Mem. Order.

ANSWER timely filed objections "in general and categorically" to Judge Kay's orders on the ground that Judge Kay failed to state his reasoning with respect to each document.  See Pl.'s 1st Obj. at 2; Pl.'s 2nd Obj. at 1.  ANSWER does not ask this Court, however, to review *de novo* every document withheld by the Secret Service.  Rather, ANSWER has identified certain privilege and relevance determinations within each of Judge Kay's orders to which it specifically objects.

First, ANSWER asserts that Judge Kay erred in approving the withholding of the following documents, in whole or in part, on the basis of attorney-client privilege: Bates Nos. 000185, 000186, 000191, 000316, 000537, 000562, 000563, 000566, and 000588.  See Pl.'s 1st Obj. at 2 n.2, 17-19.  Second, ANSWER maintains that Judge Kay erred in deeming the following documents protected, in whole or in part, as attorney work product: Bates Nos. 000174, 000175-80, 000183, and 000326.  Id. at 2 n.2, 21-26.  Third, ANSWER challenges Judge Kay's ruling that the law enforcement privilege protects the following documents from compelled disclosure: 000668, 000682, 000726, 000734-35, 000740, 000750, 000795-97.  Pl.'s 2nd Obj. at 1-2.  Fourth, ANSWER asserts that Judge Kay erred in ruling that the document marked "Withheld 74-84" was properly withheld as nonresponsive.  Id.  ANSWER requests that the Court conduct an *in camera* review of these four categories of withheld documents and order their production.

In addition, ANSWER asks the Court to order that all remaining withheld documents be reviewed and produced in accordance with the principles articulated in any opinion issued in response to these objections.  Pl.'s 1st Obj. at 2.

## II.  DISCUSSION

### A.  Standard of Review

When a party objects to a magistrate judge's determination with respect to a non-dispositive matter, such as the privilege and relevance determinations made in this case, the Court must modify or set aside all or part of the magistrate judge's order if it is "clearly erroneous" or "contrary to law."  FED. R. CIV. P. 72(a); see also LOC. CIV. R. 72.2(c).  This standard is met when, "although there is evidence to support [a determination], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Federal Savs. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co., 130 F.R.D. 507, 508 (D.D.C. 1990) (internal quotation omitted); see also Beale v. Dist. of Columbia, 545 F. Supp. 2d 8, 13 (D.D.C. 2008).

### B.  Documents Withheld Pursuant to the Attorney-Client Privilege

"The attorney-client privilege protects confidential communications made between clients and their attorneys when the communications are for the purpose of securing legal advice or services."  Blumenthal v. Drudge, 186 F.R.D. 236, 241 (D.D.C. 1999) (quoting In re Lindsey, 158 F.3d 1263, 1267 (D.C. Cir. 1998)); see also Feb. 3 Mem. Order at 2-3.  The D.C. Circuit construes the privilege narrowly to apply when a communication "relates to a fact of which the attorney was informed . . . by his client . . . for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding.'"  In re Grand Jury, 475 F.3d 1299, 1304 (D.C. Cir. 2007) (alteration in original) (quoting In re Sealed Case, 737 F.2d 94, 98-99 (D.C. Cir. 1984)).  The privilege also protects a communication made by an attorney to a client if the communication is "based, *in part at least*, upon a confidential

communication to the lawyer from the client." United States v. Naegele, 468 F. Supp. 2d 165, 169 (D.D.C. 2007) (quoting In re Sealed Case, 737 F.2d at 99) (emphasis in original) (internal brackets omitted).

Although all of the documents withheld by the Secret Service pursuant to this privilege involve a communication to or from an attorney, ANSWER contends that the government has failed to show that the communications reflect an attorney-client relationship, or that they relate to the provision of legal services or advice. See Pl.'s 1st Obj. at 8, 10-19; Pl.'s 1st Reply at 3-5. Specifically, ANSWER asserts that the relevant attorneys – Anne Rowland, legal counsel to the Secret Service, and Assistant United States Attorney Marina Braswell, responsible for litigating this case on behalf of all the defendants – were acting in regulatory or policy-making roles, rather than as attorneys providing legal advice to an agency client. See Pl.'s 1st Obj. at 8, 10-12; Pl.'s 1st Reply at 3-5.

As this Court previously has noted, "communications made by and to [an] in-house lawyer with respect to business matters, management decisions or business advice are not protected by the [attorney-client] privilege." Minebea Co., Ltd. v. Papst, 228 F.R.D. 13, 21 (D.D.C. 2005) (quoting Boca Investering P'ship v. United States, 31 F. Supp. 2d 9, 11-12 (D.D.C. 1998)); see also Feb. 3 Mem. Order at 4-5. Similarly, when a government attorney "act[s] more in the nature of a business advisor, legislator, adjudicator, or regulator, the attorney-client privilege generally does not apply." General Elec. Co. v. Johnson, Civ. Action No. 00-2855, 2006 WL 2616187, at *16 (D.D.C. Sept. 12, 2006) (collecting cases); see also Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 360-61 (2d Cir. 2005) (deeming attorney-client privilege inapplicable to legal memorandum adopted as or incorporated into agency policy). A communication by an attorney working for a government agency is protected,

however, when the communication "relate[s] to some legal strategy, or to the meaning, requirements, allowances, or prohibitions of the law." General Elec. Co. v. Johnson, 2006 WL 2616187, at *15.

        The Court has carefully reviewed the documents withheld on the basis of the attorney-client privilege and concludes that Ms. Rowland and Ms. Braswell were not acting as regulators; nor were they simply providing "neutral, objective analyses of agency regulations." Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 863 (D.C. Cir. 1980). Rather, it is apparent from the documents and their contents that the attorneys were acting "within the bounds of the privileged attorney-client relationship" in "weigh[ing] the legal risks associated with certain undertakings" and working to "tailor those undertakings to the requirements of the law." General Elec. Co. v. Johnson, 2006 WL 2616187, at *16.[3] The Court therefore concludes that Bates Nos. 000185, 000186, 000191, 000537, 000562, 000563, 000566, and 000588 are properly redacted or withheld under the attorney-client privilege.

        With respect to Bates No. 000316, ANSWER characterizes this document as an attorney-to-attorney communication (Ms. Rowland to Ms. Braswell) "which was forwarded to an agency official" and "[a]s such, even facially . . . does not fall within the attorney-client privilege." See Pl.'s 1st Obj. at 19. ANSWER neglects to note that the agency official, Tim Foley, is an attorney himself. See Supp. Discovery Doc. Priv. Log, Dkt. No. 152 Ex. 2 at CPLrev-02 (describing Foley as a Secret Service "Agent Attorney"). Moreover, it appears that

---

[3] ANSWER also suggests that the Secret Service did not specify the individual recipients of Bates Nos. 000006-65, 000273-74, 000275-81, and 000282-87, thereby failing to meet the Secret Service's burden "to demonstrate that confidentiality was expected in the handling of these communications" in order to invoke the attorney-client privilege. See Pl.'s 1st Obj. at 16 (quoting Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d at 863). These documents, however, were not withheld as privileged attorney-client communications, but rather were withheld under the law enforcement privilege or as non-responsive.

this document from Ms. Rowland was forwarded to Mr. Foley – who, in the circumstances, was the representative of the client – in order "to apprise [him] of the legal advice sought and received." See Feb. 3 Mem. Order at 5 (quoting In re Vioxx Products Liability Litig., 501 F. Supp. 2d 789, 810 (E.D. La. 2007)).  It therefore is protected by the attorney-client privilege.

Having identified no error in Judge Kay's reasoning or conclusions, the Court will overrule ANSWER's objections to Judge Kay's determinations relating to the attorney-client privilege.

### C.  Documents Withheld as Attorney Work Product

The attorney work product rule "protects from disclosure any material prepared by or for a party or its attorney or by or for a party's representative in anticipation of litigation." Hertzberg v. Veneman, 273 F. Supp. 2d 67, 75 (D.D.C. 2003); see also Feb. 3 Mem. Order at 5-7; FED. R. CIV. P. 26(b)(3).  "While litigation need not be imminent or certain in order to satisfy the anticipation-of-litigation prong of the test, this circuit has held that 'at the very least some articulable claim, likely to lead to litigation, must have arisen,' such that litigation was 'fairly foreseeable at the time' the materials were prepared." Hertzberg v. Veneman, 273 F. Supp. 2d at 75 (quoting Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d at 865).

ANSWER asserts that certain emails withheld or redacted as attorney work product – Bates Nos. 000174, 000175-80, and 000183 – could not possibly have been prepared in anticipation of litigation or for trial, as these communications were sent in December 2004, before this action had been filed.  See Pl.'s 1st Obj. at 20.  The Secret Service responds that the documents themselves show that "the government attorneys working on this issue obviously

knew that there would be a challenge to any action involving restrictions on facilitative conduct connected to First Amendment activity." Def.'s 1st Opp'n at 17-18.

The Court rejects ANSWER's contention that the documents cannot be protected as attorney work product simply because the present litigation had not yet commenced. Not only was such litigation "fairly foreseeable," but the possibility of litigation is explicitly discussed in these documents.[4]

As for ANSWER's objection to Judge Kay's ruling with respect to Bates No. 000326, ANSWER does not contest the claim that the withheld material constitutes attorney work product. This document consists of an email exchange between Anne Rowland and intelligence research specialist Zachary Ainsworth, dated January 15 and January 16, 2005. In the unredacted portion of this document, Mr. Ainsworth states: "Sticks can be used to pry up cobbles, planters, etc.," referring to an image attached to the original email. The redacted portion contains two emails: Ms. Rowland's request for more information about the attached image, and Mr. Ainsworth's communication of this information. ANSWER itself notes that these emails, sent in the days immediately following the filing of this lawsuit, "appear to be prepared in anticipation of – and, indeed in specific response to – litigation . . . over the sign support issue." Pl.'s 1st Obj. at 26. Upon reviewing the redacted material, the Court agrees that this communication constitutes attorney work product, as it involves an attorney working with an employee of her agency client on a theory of defense in the present litigation.

ANSWER contends, however, that the work product rule embodies only a qualified privilege, and that ANSWER has a "substantial need for the information" redacted

---

[4] In addition, Judge Kay concluded that Bates No. 000174 was subject to the attorney-client privilege. See Feb. 3 Mem. Order at 14. ANSWER has not contested this determination.

from Bates No. 000326 because the redacted material may relate to "*post-hoc* rationalizations being presented in Court by the Government as purported security justifications for the ban." Pl.'s 1st Obj. at 20, 26.  But this assertion is not enough to satisfy the burden of "the one who would invade [the] privacy" of the work product privilege to present sufficient reasons to compel production.  United States v. Deloitte LLP, 610 F.3d 129, 135 (D.C. Cir. 2010) (quoting Hickman v. Taylor, 329 U.S. 495, 512 (1947)); see FED. R. CIV. P. 26(b)(3).  Upon review of the document, the Court finds that the redacted material provides no substantive information about the Secret Service's "purported security justifications" for the sign prohibition, nor does it contain evidence of a *post-hoc* rationalization.  Rather, the redacted material merely contains a statement of fact about the image attached to an unredacted email.  As such, ANSWER has not shown, and the Court does not perceive, adequate reasons to compel production through court order.

Finding no error, the Court will overrule ANSWER's objections to Judge Kay's determinations relating to attorney work product.

### D.  Documents Withheld Pursuant to the Federal Law Enforcement Privilege

The federal law enforcement privilege is a qualified privilege that allows for the nondisclosure "of information that would be contrary to the public interest in the effective functioning of law enforcement."  Tuite v. Henry, 181 F.R.D. 175, 176 (D.D.C. 1998).  It serves to protect "the integrity of law enforcement techniques and confidential sources, protects witnesses and law enforcement personnel, safeguards the privacy of individuals under investigation, and prevents interference with investigations."  Id. at 176-77.  In the D.C. Circuit, the government may invoke the law enforcement privilege by presenting a formal claim of

privilege by the head of the relevant law enforcement agency, after actual personal consideration by that individual, with a detailed explanation of the information withheld and the privilege's applicability to that information. Landry v. F.D.I.C., 204 F.3d 1125, 1135 (D.C. Cir. 2000) (citing In re Sealed Case, 856 F.2d 268, 271 (D.C. Cir. 1988)).

The Secret Service withheld or redacted several documents on the basis of this privilege, including portions of its Presidential Advance Manual, see Bates Nos. 000668, 000682, 000726, 000734-35, 000740, and 000750, and portions of a powerpoint presentation entitled "JFT-AFIC J-G Verizon/Parade Route Coordination Meeting," Bates Nos. 000795-97. The Secret Service maintains that the Presidential Advance Manual contains information on "protective equipment and methodology," "protective communication means," "information regarding motorcade alignment and duties of agent personnel in motorcade," and "protective communication signal." Supp. Discovery Doc. Priv. Log, Dkt. No. 152 Ex. 2 at CPLrev-15. The Secret Service asserts that the redacted portions of the powerpoint "pertain to security preparations and information regarding potential vulnerabilities regarding [the] parade route" and "the location of a law enforcement command post," and "do not pertain to the admission or prohibition of items into the Inaugural parade route." See id. at CPLrev-17.

Although the Secret Service has properly presented a formal claim of law enforcement privilege, ANSWER correctly notes that because the privilege is a qualified one, the "public interest in nondisclosure must be balanced against the need of a particular litigant for access to the privileged information." Tuite v. Henry, 98 F.3d 1411, 1418 (D.C. Cir. 1996) (quoting In re Sealed Case, 856 F.2d at 272). As noted by Judge Kay, the D.C. Circuit has identified the following ten factors "as illustrative of the factors the district court must consider" in balancing these interests:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any inter-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources[; and] (10) the importance of the information sought to the plaintiff's case.

In re Sealed Case, 856 F.2d at 272 (quoting Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973)); see also Feb. 3 Mem. Order at 7-8.

After reviewing the withheld documents, Judge Kay found that the relevant Frankenhauser factors weigh in favor of nondisclosure. In his analysis, however, Judge Kay drew an analogy between this dispute and the facts in McNamara v. City of New York (In re City of New York), 607 F.3d 923 (2d Cir. 2010), in which the Second Circuit concluded that the law enforcement privilege protected intelligence reports prepared by undercover police officers who had investigated potential security threats prior to a political convention. Id. at 943-47; see also Feb. 3 Mem. Order at 8. ANSWER asserts that in following McNamara, Judge Kay erroneously applied the Second Circuit's "strong presumption" against disclosure, a presumption that has never been adopted by our circuit. See Pl.'s 1st Obj. at 27-29; Pl.'s 2nd Obj. at 1-2.

ANSWER is correct that the Second Circuit's standard is distinct from the standard articulated in this circuit. In the Second Circuit, once a party has invoked the law enforcement privilege, the party opposing the privilege must overcome the "strong presumption

against disclosure" by demonstrating that its suit is in good faith, the information sought is otherwise unavailable, and the party has a "compelling need" for the information. McNamara v. City of New York, 607 F.3d at 945; see also Dorsett v. County of Nassau, 762 F. Supp. 2d 500, 522 (E.D.N.Y. 2011) (applying presumption). Only after the party overcomes this "strong presumption" does the Second Circuit apply the ten-factor balancing test discussed above. McNamara v. City of New York, 607 F.3d at 945.

By contrast, the D.C. Circuit has not recognized any strong presumption against disclosure, and the district courts in this circuit generally have conducted the balancing test, weighing the relevant Frankenhauser factors, "with an eye toward disclosure." Tuite v. Henry, 181 F.R.D. 175, 177 (D.D.C. 1998) (Lamberth, J.); see also Singh v. South Asian Soc'y of the George Washington Univ., Civ. Action No. 06-0574, 2007 WL 1556669, at *5 (D.D.C. May 24, 2007) (Collyer, J.) (applying no presumption of nondisclosure). The portion of Judge Kay's analysis that applies a "strong presumption against disclosure" therefore is erroneous.

ANSWER has requested that the Court review certain of the documents withheld under the law enforcement privilege, see Bates Nos. 000668, 000682, 000726, 000734-35, 000740, 000750, 000795-97, and order that the remaining documents be reviewed and produced consistent with the principles articulated in any rulings made after such review. Pl.'s 1st Obj. at 2. Because Judge Kay may have adopted a presumption against disclosure, the Court agrees that an additional review of the remaining documents is appropriate. Rather than initiating a second round of review and production by the Secret Service and then by Judge Kay, however, the Court has independently reviewed *in camera* the full set of documents that Judge Kay deemed protected by the law enforcement privilege.

On a *de novo* review of all documents withheld under the law enforcement privilege, including those documents specified in the preceding paragraph and in footnote three, and upon consideration of the relevant legal factors, without reliance on the Second Circuit's "strong presumption," this Court concludes that Judge Kay reached the right result: the law enforcement privilege in fact does protect each of these documents.  The withheld information does not relate to materials banned along the parade route, but rather pertains to staffing protocols, the use of certain technological equipment, the geographic locations of security facilities, and the email addresses and telephone numbers of security personnel.  Therefore, at least three factors weigh heavily against disclosure.  First, the withheld documents are at most marginally relevant to ANSWER's claim.  Second, as the Secret Service correctly maintains, the production of the withheld material "would disclose law enforcement techniques," and "[d]isclosure of the . . . information could forewarn potential attackers by providing them with sensitive information that could be utilized to circumvent law enforcement efforts."  See Def.'s 2nd Opp. at 6-7 (quoting Declaration of Nicolas Trotta, Dkt. No. 163 Ex. 3 at 2, 4).  Third, compelling production of security documents such as these likely would chill governmental self-evaluation and consequent program improvement in this area.

As to other of the Frankenhauser factors, clearly this lawsuit is non-frivolous and has been brought in good faith.  Furthermore, the withheld information does not pertain to the investigation or arrest of any particular individuals; so there is little risk that disclosure will discourage citizens from cooperating in an investigation or violate the privacy rights of particular persons, other than security personnel.  But balanced against the minimal relevance of these documents to ANSWER's claims, the security risk presented by disclosure, and the possible chilling effect, these pro-disclosure factors do not carry the day.

The Court will sustain in part and overrule in part ANSWER's objections to Judge Kay's privilege determinations relating to the law enforcement privilege. It will affirm Judge Kay's designation of these documents as protected by the law enforcement privilege, but will do so on different grounds from those articulated in Judge Kay's decisions. See Feb. 3 Mem. Order at 10-25; Sept. 27 Mem. Order at 1-2. The Court will set aside the reasoning therein pertaining to the strong presumption against disclosure. See Feb. 3 Mem. Order at 8-9; Sept. 27 Mem. Order at 1-2 (applying legal standards set forth in Feb. 3 Mem. Order).

### E. Document Withheld as Not Relevant

ANSWER objects to the withholding of the document entitled "Standard Operating Procedures for Screening Persons and Property, Parade Security," numbered as "Withheld 74-84." Pl.'s 2nd Obj. at 1, 3-5; see Sept. 27 Mem. Order at 1-2. ANSWER asserts that the document is relevant because it discusses "what items were to be included or permitted, excluded or screened out or searched for at the checkpoint." Pl.'s 2nd Obj. at 4. This draft document, however, was prepared by the Transportation Security Administration – *not* by the Secret Service – and the Secret Service represents that it was not used by the Secret Service with respect to its ban on sign supports. See Def.'s 2nd Opp. at 9-10. After examining the document, the Court agrees that it is not relevant to ANSWER's claims. The Court therefore will overrule ANSWER's objection to Judge Kay's relevance determination.

*F.  Request for Additional Review*

ANSWER has requested that "the remainder of all documents under review by the Magistrate Judge be reviewed and produced consistent with the principles articulated in any opinion to issue in response to these objections." Pl.'s 1st Obj. at 2.  The Court finds no error in either Judge Kay's analysis or his conclusions relating to the attorney-client privilege, attorney work product, or relevance.  It therefore declines to order, or undertake itself, an additional review of the remaining documents withheld on these grounds.  As discussed above, because the Court did detect error in one portion of Judge Kay's analysis of the law enforcement privilege, the Court has conducted an independent review of all documents that he deemed protected by this privilege. An additional review of these documents by the Secret Service or Judge Kay therefore is unnecessary.

For the foregoing reasons, it is hereby

ORDERED that plaintiff's objections are overruled in part and sustained in part; it is

FURTHER ORDERED that the Court affirms in part and sets aside in part Magistrate Judge Kay's February 3, 2012 decision [131]; it is

FURTHER ORDERED that the Court affirms in part and sets aside in part Magistrate Judge Kay's September 27, 2012 decision [160]; it is

FURTHER ORDERED that plaintiff's request that defendant Secret Service be compelled to produce certain documents (Bates Nos. 000174, 000175-80, 000183, 000185, 000186, 000191, 000316, 000326, 000537, 000562-63, 000566, 000588, 000668, 000682; 000726, 000734, 000735, 000740, 000750, and 000795-000797; and Withheld 74-84) is DENIED; and it is

FURTHER ORDERED that plaintiff's request that the remainder of documents that Judge Kay deemed properly withheld be subjected to an additional review is DENIED.

SO ORDERED.

DATE: May 16, 2013

/s/_____
PAUL L. FRIEDMAN
United States District Judge